UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| DIAMILETTE MCMILLER, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | 3:13-cv-00577-WWE |
| | : | |
| PRECISION METAL PRODUCTS INC, | : | |
|     Defendant. | : | |

**MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO DISMISS**

In this action, plaintiff alleges that defendant discriminated against her because of her disability and refused to accommodate her disability in violation of 24 U.S.C. § 12111, *et seq*. Defendant has moved to dismiss the complaint. For the following reasons, defendant's motion to dismiss will be denied.

**BACKGROUND**

In reviewing a motion to dismiss, the Court accepts the factual allegations of the complaint as true and draws all reasonable inferences in favor of plaintiff.

Plaintiff was employed by defendant as a Customer Service Coordinator from February 25, 2008, until May 26, 2010.

On January 18, 2010, after falling at work, plaintiff filed a First Report of Injury Form pursuant to the Connecticut Workers' Compensation Act. Plaintiff sustained injuries to her right wrist and right knee.

On February 18, 2010, plaintiff was released by her physician for light duty work effective March 1, 2010. Plaintiff's physician prescribed reasonable accommodations. At the time, plaintiff was disabled within the meaning of the law, in that she suffered from a physical disability limiting one or more major life activity. However, plaintiff was fully capable of

performing the essential functions of her position with reasonable accommodations.

Defendant refused to provide plaintiff with the reasonable accommodations prescribed by her physician and, instead, subjected plaintiff to harassment and abuse designed to force her resignation. Defendant demoted plaintiff immediately after she returned to work and subjected her to degrading and humiliating working conditions. Plaintiff's co-workers were prohibited from speaking to her. As a result of defendant's actions, plaintiff involuntarily submitted her resignation on May 26, 2010.

## DISCUSSION

The function of a motion to dismiss is "merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof." Ryder Energy Distribution v. Merrill Lynch Commodities, Inc., 748 F.2d 774, 779 (2d Cir. 1984). When deciding a motion to dismiss, the Court must accept all well-pleaded allegations as true and draw all reasonable inferences in favor of the pleader. Hishon v. King, 467 U.S. 69, 73 (1984). The complaint must contain the grounds upon which the claim rests through factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007). A plaintiff is obliged to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim plausible. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

Defendant argues that the Court lacks subject matter jurisdiction because plaintiff failed to exhaust her administrative remedies. Alternatively, defendant contends that plaintiff has failed to state a claim upon which relief can be granted.

**Subject Matter Jurisdiction**

Plaintiff's EEOC charge alleged disability discrimination but did not allege failure to accommodate.

"The federal courts generally have no jurisdiction to hear claims not alleged in an employee's EEOC charge."  Shah v. New York State Dept. Of Civil Service, 168 F.3d 610, 613 (2d Cir. 1999).  However, federal courts do have jurisdiction to hear claims that are "reasonably related" to those alleged in the EEOC complaint.  Stewart v. U.S. I.N.S., 762 F.2d 193, 198 (2d Cir. 1985).  "A claim is considered reasonably related if the conduct complained of would fall within the scope of the EEOC investigation which can reasonably be expected to grow out of the charge that was made."  Fitzgerald v. Henderson, 251 F.3d 345, 359-60 (2d Cir. 2001).

Here, defendant contends that an investigation into plaintiff's EEOC complaint would have included an investigation into the actual modifications of plaintiff's job functions upon her return to work on March 1, 2010 – as well as her treating physician's recommendations – but *not* an investigation into defendant's alleged refusal to provide plaintiff the reasonable accommodation of her disability as prescribed by her physician.  Defendant also argues that because plaintiff alleged in her EEOC complaint that she was able to perform her former job functions, she could not have considered herself disabled within the meaning of the ADA.  Neither of defendant's arguments has merit at this stage of the litigation.

Consideration of plaintiff's post-injury job functions in light of her physician's recommendations is, by its nature, reasonably related to plaintiff's claim that defendant failed to accommodate her disability.  The conduct complained of would fall within the scope of the charge that was made.  See Fitgerald, 251 F.3d at 359-60.  Moreover, plaintiff's belief that she

3

could perform her former job functions with or without accommodation is not determinative of whether she was, in fact, disabled.  Accordingly, the Court has subject matter jurisdiction over plaintiff's claim.

**Failure to State a Claim**

Defendant argues that plaintiff's amended complaint contains mere legal conclusions, but in support, defendant cites to ADA opinions on motions for summary judgment.  In contrast, the instant motion is a motion to dismiss.  Accordingly, the standards set forth in defendant's memorandum of support are not applicable here.  See McBride v. BIC Consumer Products Mfg. Co., Inc., 583 F.3d 92 (2d Cir. 2009); Adams v. Festival Fun Parks, LLC, 2013 WL 951710 (D. Conn. March 12, 2013); Diorio v. Waterbury Hosp., Inc., 2007 WL 2080305 (Conn. Super. Ct. June 26, 2007); Balonze v. Town Fair Tire Centers, Inc., 2005 WL 752198 (D. Conn. March 31, 2005) (all summary judgment decisions).  For example, defendant cites McBride for the proposition that plaintiff has failed to make out a prima facie case of disability discrimination for failure to demonstrate all four elements of her claim.  "The prima facie case under McDonnell Douglas, however, is an evidentiary standard, not a pleading requirement." Swierkiewicz v. Sorema N. A., 534 U.S. 506, 510 (2002).  "[A]t this stage of the proceedings a plaintiff need not make out a prima facie case.  She need only plead facts sufficient to show her entitlement to relief, and to give a defendant fair notice of what the claim is and the grounds upon which it rests." Leibowitz v. Cornell University, 445 F.3d 586, 593 (2d Cir. 2006).

Sutton v. United Airlines, Inc., 527 U.S. 471 (1999), cited by defendant, did address an underlying motion to dismiss.  However, there, the Supreme Court found that plaintiffs' use of a corrective device (corrective lenses) completely relieved their alleged ocular disability (resulting in vision of 20/20 or better).  Id. at 475.  Accordingly, the Supreme Court held that both plaintiffs

functioned identically to individuals without a similar impairment.  Id.  Moreover, Sutton was overturned by legislative action that prohibited consideration of mitigating measures in disability determinations.  Pub. L. No. 110-325, § 3(4)(E)(I) (Sept. 25, 2008).  Nonetheless, the instant case is clearly distinguishable from Sutton, as the parties disagree as to the level of plaintiff's impairment, regardless of any mitigating measures.

Plaintiff's complaint has adequately alleged disability discrimination based on plaintiff's wrist and knee injuries, as it gives defendant fair notice of the basis for plaintiff's claims.  See Swierkiewicz, 534 U.S. at 510-15.

## **CONCLUSION**

For the foregoing reasons, defendant's motion to dismiss [Doc. # 22] is DENIED.


Dated this 10th day of April, 2014, at Bridgeport, Connecticut.


           /s/Warren W. Eginton     
WARREN W. EGINTON
SENIOR UNITED STATES DISTRICT JUDGE